STRANG and another, Respondents, vs. CITY OF KENOSHA, Appellant.

*April 6—July 13, 1921.*

*Municipal corporations: Defective highway: Insufficiency existing a few hours only: Notice: Defect occurring after repairs made: Trial: Instructions: Appeal: Presumed finding: Evidence to sustain: Issue not litigated at trial: Disposition of case.*

1. In an action against a city for the death of persons riding in an automobile which struck a depression in the street and broke the steering gear so as to make the automobile unmanageable and resulted in a collision with a street car, an instruction that the intoxication of the driver of the automobile, if any, did not necessarily establish that he was not exercising due care did not invade the province of the jury when considered with the succeeding paragraph of the instruction to the effect that such fact, if found by the jury, was to be considered with all other facts to determine whether the driver was negligent.

2. Where the issue of notice of the alleged defect in the street was not submitted to the jury and there was no request for its submission, this court must assume that the trial court found such issue in favor of the plaintiffs (sec. 2858m, Stats.) ; but such presumed finding, however, must find support in the evidence and will be made only where there is evidence to sustain it.

3. The existence of a depression in a city street a few hours before an accident is insufficient to charge the city with notice of the defect.

4. Where the city had given permission to remove the paving to make a sewer connection, and after the completion of the work had inspected the place and had filled in a depression in the street and again inspected it the morning before the accident, the city is not charged with notice of the recurrence of a defect after such repairs, and is not liable unless it had actual or constructive notice of the subsequent defect and a reasonable opportunity to repair it.

5. Where a judgment for plaintiffs is reversed for failure of the evidence to show notice to the city of the defect complained of, a new trial will be granted where it appeared that such issue was not litigated at the former trial and the attention of the court and parties was not directed thereto.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

Personal injury. The complainants allege that the defendant is a municipal corporation; that one Erickson was the owner and the driver of an automobile in which the deceased husbands of the plaintiffs were riding at the time of injuries resulting in their death; that the automobile, traveling in an easterly direction, was suddenly and without warning precipitated into an excavation and as a result of such precipitation the steering apparatus of the automobile was broken, the driver lost control of the machine, and while it was so out of control a collision occurred between the automobile and an approaching street car proceeding westerly along Elizabeth street; that the excavation was made in a brick pavement from the south curb northerly a distance of about twelve feet, was four feet in width and ten or twelve inches in depth; that such excavation had been in this condition continuously for five or six days prior to said injuries; that there were no lights or other warning signals or barriers guarding the excavation; that it was the duty of the defendant to keep and maintain the street in a reasonably safe condition for public travel, but that the defendant carelessly and negligently failed to perform the same, resulting in the injuries complained of. The answer denied that the automobile was precipitated into the excavation; denied that an excavation existed in the place referred to in the complaint, and alleged that the driver was guilty of contributory negligence. For convenience the cases were tried together, the issues in each case being identical. The jury returned a special verdict finding, first, that there was a depression in the street at the time and place in question; second, that the automobile ran into it; third, that the automobile was so injured thereby that the driver could not control it; fourth, that the driver was so injured thereby that he was unable to control the car; fifth, that the street was not in a reasonably safe condition for public travel;

sixth, that such unsafe condition of the street was the proximate cause of the collision in question and resulted in the deaths of Strang and Smith; seventh, that no want of ordinary care on the part of Erickson, driving the car, proximately contributed to the cause of the collision; eighth, the damages were assessed at $4,000 for each of the plaintiffs. Plaintiffs had judgment, from which the defendant appeals.

For the appellant there was a brief by *John C. Slater,* attorney, and *Robert V. Baker,* of counsel, both of Kenosha, and oral argument by *Mr. Baker.*

*Wallace Ingalls* of Racine, attorney, and *Calvin Stewart* of Kenosha, of counsel, for respondents.

The following opinion was filed May 3, 1921:

ROSENBERRY, J. The undisputed facts show that the accident in question happened on Elizabeth street just easterly of a point where Salem avenue joins Elizabeth street. Elizabeth street runs east and west and there is upon it a single track of street railway. Salem avenue extends southwesterly beyond the corporate limits of the defendant city. At the point near the juncture of Salem avenue and Elizabeth street Kappus Brothers, at the time of the injuries, had excavated on their property on the south side of and fronting on Elizabeth street for a foundation for a building. One Sullivan had obtained a permit from the defendant city to remove the brick pavement on Elizabeth street a short distance east of the point where the easterly line of Salem avenue intersects the south line of Elizabeth street, for the purpose of making a sewer connection for the proposed new building. Sullivan removed the brick pavement on or about April 10th. The excavation was two feet wide and about ten feet in length, running north and south from a point about four feet north of the south curb of Elizabeth street to within one and one-half or two feet of the south rail of the railway track. The sewer connection was made, the

excavation filled in, and on the 11th or 12th of April it was again filled. After the excavation made by Sullivan was filled and travel over the same had caused a natural settling, the excavation was filled from time to time by volunteers. The accident occurred between the hours of 7 and 8 on Saturday, April 26, 1919. It appears without dispute that on Thursday, April 24th, the excavation in question was filled with cinders and brought above a level with the surrounding pavement and so remained during Friday. The street commissioner of the defendant city testified that he was at the point in question on Saturday morning, the day of the accident, at about 8 or 9 o'clock, that he raked into the depression, which was then very slight, the material which had been thrown out by passing vehicles, and left the place substantially level. The teamster who had filled the excavation on Thursday testified that he was there on Saturday afternoon at about 4 o'clock; that he did not put in any additional filling because it was not necessary. Smith and Strang were with a party at Eagle's Hall in the afternoon of Saturday, at which time considerable liquor was taken by Erickson, the driver of the automobile, as well as by other members of the party. The party, consisting of eight or nine men, had started into the country, but were unable to proceed on account of the condition of the road, and were returning to the city on Salem avenue and Elizabeth street for the purpose of taking Smith and Strang to the railway station when the accident occurred.

One of the errors complained of is that the court instructed the jury to the effect that the mere fact that Erickson had been drinking previous to the accident or that he was under the influence of intoxicants at the time of the accident, if such be the facts, does not necessarily and of itself command the conclusion that he was not exercising such degree of care as is ordinarily exercised by the great majority of mankind not under the influence of intoxicat-

ing liquor, under the same or similar circumstances.   The
instruction is not happily phrased, but in the succeeding
paragraph the court carefully instructed the jury that the
fact that Erickson was under the influence of intoxicating
liquor, if they found that to be the fact, was to be taken into
consideration with all the other facts to determine whether
or not Erickson had been guilty of the want of ordinary
care which contributed proximately to the cause of the
injuries sustained by Smith and Strang.   We do not think
this was an invasion of the province of the jury.

We shall discuss but one of the remaining errors assigned.
The court submitted no question to the jury and was re-
quested to submit none as to whether or not the defendant
had notice of the defect which caused the injury and had
a reasonable opportunity for repairing the same.

There having been no request for the submission of
that issue to the jury, we must assume that in granting
judgment the court found that issue in favor of the plaint-
iffs.   Sec. 2858m, Stats.   Such presumed finding, however,
must find support in the evidence and will only be made
where there is evidence to sustain it.   *Kraczek v. Falk Co.*
142 Wis. 570, 126 N. W. 30; *Gegare v. Fox River L. & L.
Co.* 152 Wis. 548, 140 N. W. 305; *Korrer v. Madden,* 152
Wis. 646, 140 N. W. 325.   A careful examination of the
record convinces us that there is no evidence to sustain such
a finding.   The evidence as to the nature of the defect
relates very largely to the time of or after the accident or
before the repair was made on Thursday.   One witness
testifies that he observed the same at about 5 o'clock on
Saturday afternoon and remarked that it was a bad hole
to leave over Sunday.   The case is entirely barren of evidence
that the city had any notice of the condition of the excava-
tion after that time and before the happening of the accident,
and it must be said as a matter of law that the existence of
the defect for a few hours would not charge the city with

Strang v. Kenosha, 174 Wis. 480.

notice. It is argued by the plaintiffs that the defect was created by the city and that it had actual notice thereof. The defect which caused the injury was not created by the city, the excavation being made under a license issued by the city to the plumber. In addition to that the street had been twice repaired, and the evidence is undisputed that it was not in a defective condition on Friday or Saturday morning at the time the street commissioner visited it. This is not the case of an excavation left without barriers or an obstruction erected in the street without placing signals or warning signs, but is the case of a defect which had been twice fully repaired and left in a reasonably safe condition, and in order to charge the city notice of the defect which caused the injuries must be brought home to it in some way. The city having once repaired the street at the place in question, in order to make it liable it must have notice, actual or constructive, of a subsequent defect and a reasonable opportunity to repair. *Hallum v. Omro,* 122 Wis. 337, 99 N. W. 1051.

This issue was apparently not litigated upon the trial. Ordinarily we should reverse the judgment with directions to dismiss the complaint. But the issue not having been litigated and the attention of the court and parties not having been directed thereto, we are of the opinion that in the interest of the proper administration of justice there should be a new trial.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

A motion for a rehearing was denied, with $25 costs, on July 13, 1921.