FORBUS, Respondent, v. CITY OF LA CROSSE, Appellant.

*October 1—October 29, 1963.*

For the appellant there was a brief by *John K. Flanagan,* city attorney, and *William J. Sauer,* assistant city attorney, and oral argument by *Mr. Flanagan.*

For the respondent there was a brief by *Bosshard, Arneson & Sundet* and *Patrick R. Doyle,* all of La Crosse, and oral argument by *Philip G. Arneson.*

FAIRCHILD, J. It is undisputed that there had been holes within this intersection. Two days before the accident they were filled with crushed rock, but the repairs were washed out because of traffic action and precipitation which occurred over a number of hours. Holes reappeared. Their size is not shown in the affidavits except that the street superintendent called them "small." The alleged fact that there was a depression deep enough for the undercarriage of an automobile to strike a manhole cover was not specifically controverted.

The city's theory is that it has established that there were no holes eight hours before the accident and that, as a matter of law, such time is too short to charge the city with notice.

Plaintiff countered with the fact that the street is a main-traveled arterial with extremely heavy traffic and is strictly supervised by the police, and a similar accident occurred at a different point on the same street two hours earlier from a similar cause.

If these facts are developed at trial, we think the inferences could reasonably be drawn (1) that the city officers and employees ought, in the exercise of ordinary care, to have anticipated that the temporary repairs which had been made would be likely to be washed out under the weather and traffic conditions prevailing all day March 11th, and (2) that, the street being busy and closely supervised by the

police, there was sufficient time and opportunity to observe the developing danger and erect warnings if repairs were not feasible.

"The rule is well established in this state that when it is shown there is a substantial issue of fact, or when the evidence on a material issue is in conflict, or if the inferences to be drawn from credible evidence are doubtful and uncertain, the motion for summary judgment should be denied. Likewise, when there is credible evidence which under any reasonable view will either support or admit of an inference in support or in denial of a claim of either party, it is for the jury to draw the proper inference and not for the court to determine which of two or more permissible inferences should prevail." [1]

The city relies on *Strang v. Kenosha* [2] where the city had filled an excavation and repaired it when the fill settled. This court said "as a matter of law that the existence of the defect for a few hours would not charge the city with notice." [3] Although the facts are somewhat similar, it does not appear in *Strang* that the street was a main-traveled artery, closely supervised by police. Neither did such facts appear in *Murphy v. Milwaukee.* [4] Such facts are relevant in determining the length of time which must elapse before a city can be reasonably charged with notice.

In the affidavit of plaintiff's counsel he stated that he had been informed in discussions with employees of the police department of the frequency with which squad cars traverse Third street. That fact would be relevant, but was not properly put before the court. Depositions could have been taken if the informants were unwilling to give affidavits, or counsel might have identified them in his own affidavit,

---

[1] *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 277, 103 N. W. (2d) 9.

[2] (1921), 174 Wis. 480, 182 N. W. 741.

[3] P. 484.

[4] (1960), 11 Wis. (2d) 554, 105 N. W. (2d) 794.

stated that affidavits had been refused, the reason for not taking depositions and set forth their statements given to him, and that he expected they would give such testimony at the trial.[5] Their statements to counsel have not been shown to be admissions which could be used against the city as their employer.[6]

*By the Court.*—Order affirmed.

---

[5] See *McChain v. Fond du Lac* (1959), 7 Wis. (2d) 286, 291, 96 N. W. (2d) 607; *Leuchtenberg v. Hoeschler* (1955), 271 Wis. 151, 158, 72 N. W. (2d) 758; *Edwards v. Gross* (1958), 4 Wis. (2d) 90, 95, 90 N. W. (2d) 142.

[6] *Rudzinski v. Warner Theatres* (1962), 16 Wis. (2d) 241, 245, 114 N. W. (2d) 466.