STATE BANK OF MEDFORD, Respondent, v. CURRAN, Appellant.*

*January 9—February 4, 1964.*

* Motion for rehearing denied with $25 costs, on March 31, 1964.

For the appellant there was a brief and oral argument by *Gene G. Krug* of Medford.

For the respondent there was a brief by *Nikolay, Jensen & Scott* of Medford, and oral argument by *Raymond H. Scott.*

FAIRCHILD, J. Under the pleadings, the only issue of fact is the number of animals sold to Niemuth which were subject to plaintiff's chattel mortgage. Plaintiff submitted affidavits of persons who heard the president of Rogers Farms, Inc., admit that the 35 animals sold to Niemuth constituted security under the mortgage. Such admissions were evidentiary facts sufficient to establish plaintiff's cause of action. Plaintiff was thus entitled to summary judgment unless defendant, by affidavit or other proof showed facts sufficient to entitle him to a trial.[1]

Defendant produced no evidentiary facts tending to show that any of the animals sold to Niemuth were not covered by plaintiff's mortgage. He appears not to have adversely examined the bank employees nor shown any reason for not doing so, nor shown any reason why cross-examination could be expected to weaken or destroy their testimony.[2] Though in touch with officers of Rogers Farms, Inc., now out of the state, he produced no affidavit from them.

[1] Sec. 270.635 (2), Stats.

[2] *Leuchtenberg v. Hoeschler* (1955), 271 Wis. 151, 158, 72 N. W. (2d) 758; *Edwards v. Gross* (1958), 4 Wis. (2d) 90, 95, 90 N. W. (2d) 142; *McChain v. Fond du Lac* (1959), 7 Wis. (2d) 286, 291, 96 N. W. (2d) 607; and *Forbus v. La Crosse* (1963), 21 Wis. (2d) 171, 174, 124 N. W. (2d) 66.

Defendant points out that in the bill of sale given by Rogers Farms, Inc., to Niemuth, the approximate ages of the animals were given. Twenty-three were described as "aged approximately 2 years" and 12 as "aged from one year to eighteen months." Defendant argues that the younger group and perhaps some of the older ones could not have been covered by the chattel mortgage, which was dated October 9, 1954, one year and eight months before the sale. Defendant concedes, however, that at least 16 and possibly 26 of the animals described in the chattel mortgage could have been considered "approximately two years" old at the time of the sale. The chattel mortgage covered a herd including more than 100 cows and expressly included their increase. Defendant concedes that this provision would be effective as to animals born after October 9, 1954, but conceived earlier. Taking the gestation period at approximately two hundred eighty days, or about nine months, such animals might have ranged in age from eleven to twenty months at the time of sale. The recitations in the bill of sale would not be admissible evidence against plaintiff, but in any event such recitations are not inconsistent with plaintiff's claim.

We conclude that judgment was properly granted upon plaintiff's motion, without trial.

Defendant objects to the inclusion in the judgment of interest on the $3,775 fund, since he claims to have been a stakeholder. He also objects to the inclusion of costs. The present action is not a garnishment, but is somewhat analogous to a garnishment in which the garnishee elects to defend the principal action. There the statutes provide for the recovery of costs from the garnishee,[3] but his liability to plaintiff does not exceed his liability to the principal defendant. There has been considerable delay in this litigation,

---

[3] Sec. 267.14 (2), Stats.

but it appears to have stemmed largely from the necessity of calling in a judge from another circuit to hear the matter, and there is no showing that defendant caused the delay, nor that under the circumstances he had a duty to invest the money nor that he did so. Applying general equitable considerations, we think that interest should not have been awarded. Interest will, of course, have run upon the judgment as modified. Defendant should, however, have been aware that litigation might be necessary when he accepted the deposit by his client, and hence must have anticipated the possibility of being held liable for costs. We conclude that the court could, in its discretion, award costs.

Defendant asserts that reasonable attorney's fees and expenses should be allowed to him out of the fund, before payment to plaintiff. The court has determined, however, that the fund represents the proceeds of property mortgaged to plaintiff, and we see no theory upon which deposit of the money with defendant could give rise to a lien in his favor superior to the rights of plaintiff. Defendant's answer, moreover, claimed a lien only on money remaining after payment to plaintiff.

*By the Court.*—Judgment modified by striking out interest up to the date of judgment and, as so modified, affirmed. Plaintiff may tax three quarters of its costs on appeal.