FRED N. ROBERTS *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, *a corporation*

(No. 7582)

Submitted October 17, 1933.  Decided October 31, 1933.

*Erskine, Palmer & Curl,* for plaintiff in error.
*Handlan, Garden & Mathews,* for defendant in error.

LITZ, JUDGE:

This is an action by the assured in an automobile indemnity insurance policy against the insurer to recover attorneys' fees and other expenses incurred by the plaintiff in defense of claims for personal injuries sustained by persons while riding in the automobile specified in the policy. To the judgment entered upon a verdict of $3,850.00 against defendant, Indemnity Insurance Company of North America, in favor of plaintiff, Fred N. Roberts, it prosecutes error.

The policy, issued by defendant to plaintiff, May 2, 1928, required the assured, in event of an accident, to render the insurer "all co-operation and assistance in his power". Defendant, in its specifications of defense, pleaded the failure of plaintiff to comply with this provision.

On the afternoon of September 5, 1928, plaintiff and his wife, who live in West Virginia near Wheeling, were driven in the automobile by Charles Miller, Jr., to Steubenville, Ohio, where she was left to attend the funeral of her mother. (Plaintiff was not able to operate the car because of an injured ankle.) Returning home and placing his two small children in the care of neighbors, Roberts proceeded to Wheeling with Miller where they were joined by Earl and Gladys Bolen. Velma Wilson and Juanita Valentine, strangers to Miller, Roberts and the Bolens, were later "picked up" in Wheeling. Velma sat in front with Miller, who was still driving, and the others in the rear. At the suggestion of Earl Bolen, Miller drove them to Claysville, Pennsylvania, to attend a "party"; but upon finding that the party had not materialized, they decided to return to Wheeling. Before starting back, Roberts and Gladys exchanged seats with Miller and Velma, Gladys taking the wheel. About 11:30 P. M., before entering West Virginia, the car left the road and collided with a tree, killing Miller and injuring the other occupants. Immediately before the crash, after the car became unmanageable, Roberts, in an attempt to assist the driver, took hold of the wheel and (according to his testimony) put his right foot on the brake.

. Defendant received notice of the accident September 6th, and the following day its adjuster, W. T. Treadway, Jr., went to the North Wheeling Hospital, where the injured were confined, and there obtained statements from Earl, Gladys, Velma and Juanita that Gladys was driving the car at the time of the accident, but was unable to interview Roberts then or on a subsequent visit to the hospital. Soon after these statements were procured by defendant, Roberts employed Frank A. McMahon, a Wheeling attorney, and William B. Casey was retained to represent the other survivors. McMahon and Casey maintained a joint office but were not partners. A week or ten days after the accident, plaintiff summoned Earl, Gladys, Velma and Juanita to his room in the hospital, and at his instance they thereupon executed written statements to McMahon reciting that Roberts was driving the car when it wrecked. Roberts at the same time made a similar statement to McMahon. He also instructed McMahon to prepare a deed for the conveyance of his (Roberts') property to his wife. By letter dated September 21, 1928, McMahon advised P. R. Callahan, an agent of defendant at Wheeling, as follows: ''Mr. Fred N. Roberts, who holds a policy of insurance through your agency with Indemnity Insurance Company of North America, requests me to give you the notice required under the said policy of *an accident that occurred to him while driving his car* on September 5th, at a place on the National Road about two miles east of West Alexander, Pennsylvania.'' On the same day, C. B. Sackett, superintendent of defendant at Pittsburgh, Pennsylvania, and Callahan visited the North Wheeling Hospital and secured an alleged affidavit from plaintiff stating that he was driving at the time of the accident. By letter dated October 10, 1928, Sackett informed plaintiff that since an investigation had disclosed a failure on his part to cooperate with the insurance company, as required in the policy, it was disclaiming liability for the accident. At an inquest held in Claysville, October 31, 1928, over the death of Miller, Roberts stated for the first time in the presence of McMahon, that Gladys Bolen was driving.

After actions had been instituted on December 1, 1928, by Earl, Gladys and Velma against plaintiff for personal in-

juries sustained by them in the accident, he discharged McMahon and employed other counsel for the defense of the claims. A trial of the Wilson case having resulted in a verdict for Roberts, the other actions were dismissed.

The only issue of fact presented by the evidence was whether Roberts had stated to Callahan and Sackett, when they obtained his affidavit, that he or Gladys Bolen was driving at the time of the accident. Callahan testified, in accordance with the affidavit, that Roberts had told him and Sackett that he was driving the car. Roberts denied that he had so stated, and further testified that he had informed Callahan and Sackett that Gladys Bolen was driving. In view of the conceded facts hereinbefore recited it is of minor importance whether or not Roberts successfully attacked his own affidavit. He had already laid the groundwork for the collusive suits which followed. The institution of an action by Gladys Bolen, whose negligence was admittedly the cause of the accident, cannot be otherwise explained. And as she was operating the car without license in violation of law, and was as much the agent of the other passengers as of Roberts, the insurance company was not liable to any of them.

The judgment is, therefore, reversed, the verdict set aside, and a new trial awarded.

*Reversed; verdict set aside; new trial awarded.*