Action by Mary E. Heimlich, plaintiff, against Kees Appliance Company, a Wisconsin corporation, and Max S. Clark, defendants, was commenced on April 30, 1948. Allstate Insurance Company was interpleaded on May 6, 1949. From an order dated June 17, 1949, denying motion for summary judgment, interpleaded defendant, Allstate Insurance Company, appeals.
On October 15, 1947, plaintiff, Mary E. Heimlich, was injured in the store of defendant, Kees Appliance Company, when she came in contact with a handcart used by defendant Clark, an independent contractor, to transport cabinets from the back of the store to his truck parked at the curb.
At the time in question there was in force an automobile liability insurance policy issued by interpleaded defendant, *Page 358 
Allstate Insurance Company, to defendant Clark covering the GMC pickup truck being used by him at the time of the accident, and insuring defendant Clark against loss by reason of liability arising out of the use of the motor vehicle and also providing that the "use of the automobile for the purposes stated includes the loading and unloading thereof."
The policy further provided:
"Condition I. Notice of accident — Coverages A, B, and C.
When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place, and circumstances of the accident, the names and addresses of the injured and of available witnesses.
"Condition II. Notice of claim or suit — Coverages A andB. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative."
No notice of accident, required by the provisions of condition I, was ever given the interpleaded defendant. Nor was notice of claim or suit given or forwarded to it in the manner and at the time required by the provisions of condition II. The action was commenced on April 30, 1948. Adverse examinations had been had, there had been pretrial conferences and the action had been noticed for trial prior to May 6, 1949, when the interpleaded defendant was served with a summons and cross complaint, its first formal notice of the accident or the suit.
The interpleaded defendant contends:
1. Clark's failure to give his insurance carrier notice of the accident as required by condition I of the policy is fatal to plaintiff's claim;
2. His failure to forward immediately to the insurer the papers served upon him as required by condition II is fatal; *Page 359 
3. Clark was not engaged in the "loading or unloading" his truck as contemplated under the terms of the policy insurance at the time of the accident complained of.
In the view which we take of the case it will not be necessary for us to consider contentions 1 and 3, nor to recite the facts concerning the accident itself.
The facts that Clark did not forward the summons and complaint to his insurer, and that the latter had no notice the proceedings taken in the action until May 6, 1949, are not disputed.
Certainly it cannot be said that condition II of the policy was complied with. No demand, notice, summons, or other process received by Clark was ever forwarded to his insurer.
"The provisions in the policy as to notice of accident, claim for damages, and co-operation in defense are conditions precedent, failure to perform which, in the absence of waiver or estoppel, constitute defenses to liability on the policy."Bachhuber v. Boosalis, 200 Wis. 574, 575,229 N.W. 117.
Respondents contend that Clark discussed the accident within a week after its occurrence with Frank Bremer, manager of the Madison Sears, Roebuck store, at which he had purchased his policy, and that such discussion constitutes sufficient notice, for all purposes, to the interpleaded defendant, a corporation allied or associated with the Sears, Roebuck Company. It may have been notice of accident but it was not compliance with condition II.
Sec. 204.34 (3), Stats., provides:
"No policy of insurance, agreement of indemnity or bond as provided in subsection (1) shall limit the time for the giving of notice of any accident or casualty covered thereby to a period less than that provided in subsection (1) of section 204.29. Failure to give such notice shall not bar liability under such policy of insurance, agreement of indemnity or bond as provided in subsection (1) if the insurer was not prejudiced or damaged by such failure, but the burden of proof to so show shall be upon the person claiming such liability." *Page 360 
It is urged by respondents that the provision that failure to give notice of the accident shall not bar liability unless prejudice by such failure be shown indicates a purpose to prevent forfeitures, and that its effect should be extended to prevent forfeiture by failure to comply with condition II. There is no similar statutory provision relieving the assured from the effect of his failure to comply with condition II. We may not extend the effect of its provision as to the matter of showing prejudice so as to make it applicable to condition II. Certainly we may not do it in this case, where notice of suit was not given until seventeen months after the accident, and where, if the matter of prejudice were in issue, we should probably have to determine as a matter of law that the interpleaded defendant was prejudiced by the delay.
There was a failure to comply with a condition precedent to the liability of the insurer, and the order denying the motion of the interpleaded defendant must be reversed.
By the Court. — The order appealed from is reversed, and cause remanded with directions to enter summary judgment dismissing the complaint against Allstate Insurance Company.