STIPPICH, Plaintiff and Appellant, v. MORRISON, Defendant: GREAT AMERICAN INDEMNITY COMPANY, Defendant and Respondent.

*December 1, 1960—January 10, 1961.*

332

For the appellant there was a brief and oral argument by *Ed Rudolph* of West Allis.

For the respondent there was a brief by *Kivett & Kasdorf,* attorneys, and *Alan M. Clack* of counsel, all of Milwaukee, and oral argument by *Mr. Clack.*

Currie, J. The rationale of the learned trial court's determination, that the complaint should be dismissed as to Great American, was that Morrison had breached a condition of the policy thereby terminating coverage.

The condition of the policy, which it was determined that Morrison had breached, reads as follows:

"If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative."

Such quoted condition was breached by Morrison's not forwarding promptly to Great American the summons, subpoena, and affidavit, which were served on him on July 29, 1958. Such papers were in fact never forwarded to such insurer until December 3, 1958. In the meantime Morrison's adverse examination pursuant to such subpoena had been taken on August 4, 1958.

When such breach of condition occurred the interest of an injured third party, the plaintiff, had intervened. As a consequence the insurer is not relieved of liability unless the breach of the condition is a material one. *Kurz v. Collins* (1959), 6 Wis. (2d) 538, 95 N. W. (2d) 365. In that case the breach of condition principally discussed was the one requir-

ing co-operation on the part of the insured. Such breach consisted of the making by the insured to the insurer of a false statement with respect to who was the driver of the insured car at the time the accident occurred. In our opinion we stated (p. 546) :

"When it is stated that a false statement or testimony must be material in order to breach a policy co-operation condition, it means that the same must be material to the issue of the liability of the company on its policy. In a sense, whether a false statement or testimony is material to the insurance company's liability on its policy is closely akin to whether the company has been prejudiced thereby, but we deem materiality to be broader in scope than prejudice."

While the condition referred to in the above-quoted declaration differs from the one we are here considering, we deem the same test of materiality of breach of condition therein stated is applicable here. Therefore, unless Great American was prejudiced by such breach, it should not be held to be material.

Long before such breach occurred, the accident had been reported to Great American, and it had ordered the same investigated. The failure of Morrison to promptly forward to it the summons, subpoena, and affidavit served on him on July 29, 1958, resulted in Morrison's submitting to the adverse examination without representation by counsel of Great American's choosing. If the served papers had been immediately forwarded to Great American, it would have been afforded the opportunity of providing an attorney of its own selection to have reviewed the facts of the accident with Morrison prior to the holding of the adverse examination. Also such counsel would have been in a position to interpose objections to the court commissioner with respect to any improper questions propounded.

However, in order to establish that Great American was prejudiced by damaging testimony given by Morrison at such

adverse examination, it would be necessary to make some showing that such damaging testimony likely would not have been given if Great American had been afforded the opportunity to select competent counsel to have represented him prior to and at the taking of his adverse deposition. No such showing was attempted to be made in the affidavits filed by Great American in support of its motion for summary judgment. In fact, none of the testimony given by Morrison at the adverse examination even appears in the record.

The mere possibility of prejudice having resulted to the insurer from a breach of condition of the policy by the insured is insufficient to permit an adjudication that such breach was material where the rights of an injured third person have intervened. An actual showing of prejudice is required. Because no such showing was made here, Great American's motion for summary judgment should have been denied.

The trial court relied heavily upon *Heimlich v. Kees Appliance Co.* (1950), 256 Wis. 356, 41 N. W. (2d) 359, in reaching its determination. In that case there was a breach by the insured of a condition in an automobile liability insurance policy identical in wording to the one here breached by Morrison. Our court there held that it was not necessary for the insurer to establish prejudice in order for it to be relieved from liability on the policy in the absence of waiver or estoppel. However, the court went on to hold that if prejudice were an issue (p. 360), "we should probably have to determine as a matter of law that the interpleaded defendant [insurer] was prejudiced by the delay."

This court in the *Heimlich Case* gave no consideration to the public policy expressed by the legislature in various statutes which protect the interests of injured third persons with respect to enforcing their claims against an automobile liability insurance carrier. However, consideration was given to the public policy expressed in such statutes when we decided

*Kurz v. Collins, supra.* In the *Kurz Case* we balanced the intervening rights of such injured third person against those of the insurer and concluded that the insurer should not be relieved from liability to such injured third person, because of breach of a policy condition by the insured, unless the insurer has been harmed thereby. While the variance in result in the *Kurz* and *Heimlich Cases* can easily be reconciled on the basis of differences in facts, it is impossible to reconcile the rationale of such two decisions. We, therefore, overrule *Heimlich v. Kees Appliance Co., supra,* in so far as it holds that an insurer issuing an automobile liability policy is relieved of liability for a breach of condition by the insured, which has occurred after the rights of an injured third person have intervened, without the necessity of showing any resulting prejudice or harm.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.