Boschek, Respondent, v. Great Lakes Mutual Insurance Company, Appellant.

*March 6—April 2, 1963.*

For the appellant there was a brief by *Kivett & Kasdorf,* attorneys, and *John M. Swietlik* of counsel, all of Milwaukee, and oral argument by *Mr. Swietlik.*

For the respondent there was a brief by *Rebholz & Duffey,* attorneys, and *Thomas J. Duffey* of counsel, and oral argument by *F. Thomas Ament,* all of Milwaukee.

DIETERICH, J. For the purposes of this opinion, we will refer to the plaintiff-respondent as "Boschek," the defendant-appellant as "Great Lakes," and its insured as "Hervey."

The complaint alleges that on September 5, 1961, Boschek was driving his automobile in a southeasterly direction on Fond du Lac avenue at its intersection with West Brown street in the city of Milwaukee when his automobile was run into and collided with an automobile owned and operated by Hervey. Hervey was driving in a northwesterly direction on Fond du Lac avenue and without signal turned left in front and into the path of Boschek's vehicle.

Upon information and belief Boschek alleges that on the date of the accident Great Lakes had in full force and effect a policy insuring the automobile owned and operated by Hervey.

As a result of the collision Boschek alleges he sustained personal injuries, loss of wages, damage to his automobile and clothing, all in the sum of $5,000 and demands judgment against Great Lakes in that amount.

By its answer Great Lakes, upon information and belief, admits it had issued a policy of insurance to Hervey which was in effect at the time of the accident. Great Lakes denies any liability, however, under the following provisions of its policy:

"4. NOTICE OF ACCIDENT. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place, circumstances of the accident, the names and addresses of the insured, and of available witnesses.

"6. ASSISTANCE AND CO-OPERATION OF THE INSURED. The insured shall co-operate with the company and, upon the company's request, shall attend hearings and trials and shall

assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

Great Lakes also admits upon information and belief that an accident did occur between Hervey and Boschek, but denies any information or knowledge sufficient to form a belief as to how such accident happened and puts Boschek to his proof thereon. Great Lakes also denies on the basis of insufficient information any negligence on the part of Hervey and any damages to the plaintiff Boschek.

Great Lakes alleges two affirmative defenses: (1) That any damages sustained by Boschek were due to his own negligence, and (2) that Hervey breached the conditions of the policy by failure to notify Great Lakes of the accident and further by failure to co-operate with Great Lakes in the investigation and defense of this action.

Great Lakes alleges that numerous attempts to contact Hervey have been unsuccessful and asks that Boschek's complaint be dismissed on the merits.

Great Lakes then moved for summary judgment dismissing Boschek's complaint based on the pleadings and the annexed affidavit of Gerald T. Knudsen, a claims representative for defendant. Knudsen's affidavit states that:

". . . on October 31, 1961, a phone call was received from one Attorney Rebholz reporting an accident that occurred on September 5th at or near the intersection of West Fond du Lac avenue and West Brown street involving autos driven by the plaintiff, Henry Boschek, and the said Roosevelt Hervey, that this was the first report received by the defendant, Great Lakes Mutual Insurance Company's claim department."

The affidavit continues by reciting the means used by Great Lakes to contact Hervey, all without success. The provisions of the policy relating to notice and co-operation are set forth in the affidavit and the affidavit concludes by stating that Hervey has never given written notice of the accident and has breached the condition of the policy.

Attached to the affidavit is a copy of the policy, a copy of two letters, and a photostat of an envelope which was returned to Great Lakes with the notation that Hervey had moved and left no address.

Boschek, by his attorney, Edward A. Rebholz, submitted a counteraffidavit in which Rebholz stated that:

"3. That your affiant, shortly after the accident giving rise to the within accident, called one Mr. Shapiro of the Sterling Insurance Agency, located at 2606 West Fond du Lac Avenue, by telephone.

"4. That your affiant was informed by the same Mr. Shapiro that the defendant's assured, Roosevelt Hervey, had reported the accident in question to the Sterling Insurance Agency and that Mr. Shapiro also informed your affiant in said telephone conversation that Mr. Roosevelt Hervey was insured with the Great Lakes Mutual Insurance Company.

"5. That your affiant on the 12th day of October, 1961, sent the following letter to the Great Lakes Mutual Insurance Company:

" 'This is to advise you that we have been retained by Henry Boschek who on the 5th day of September, 1961, was damaged when his car was run into and collided with by a Ford automobile owned and operated by Roosevelt Hervey.

" 'Will you kindly have an adjuster contact us on or before the 18th day of October, 1961.

" 'E. A. Rebholz.' "

The trial court in its memorandum opinion denied summary judgment and stated as follows:

"The question to be determined by the court is the sufficiency of the counteraffidavit. The moving party states that

the counteraffidavit is insufficient because it is on information and belief; . . . The court in reading the affidavit interprets it not to be an affidavit on information and belief; . . . it is an affidavit in which the affiant states a fact. . . . The affidavit is sufficient."

The issue on summary judgment is whether there is a substantial issue of fact to be tried. Sec. 270.635, Stats.[1] *Krause v. Hartwig* (1961), 14 Wis. (2d) 281, 111 N. W. (2d) 138; *Northern Pacific R. Co. v. Knauf & Tesch Co.* (1962), 17 Wis. (2d) 249, 116 N. W. (2d) 138; and *Hintz v. Darling Freight, Inc.* (1962), 17 Wis. (2d) 376, 117 N. W. (2d) 271.

Therefore, the issue on this appeal is whether the counteraffidavit by Boschek's attorney raises an issue of fact sufficient to defeat the motion for summary judgment by Great Lakes.

The copy of the policy issued to Hervey states in the upper left-hand corner: "Agent: Sterling Agency." On the back of the policy it states:

"In case of loss: Notify the company immediately—if in Milwaukee—call West 3–2010, 2715 West Wisconsin Avenue. If accident involves serious injury, telegraph or telephone at company's expense.

"Do not delay sending in notice even though full information is not available. Send completed notice later."

Condition 4 of the policy—notice of accident—states that written notice shall be given to the company or any of its agents.

---

[1] Sec. 270.635. "SUMMARY JUDGMENTS. (1) Summary judgment may be entered . . .

"(2) The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, . . . as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, . . . that the action has no merit . . . unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial."

By reading these provisions together it is clear that any reasonable notice (oral or written) given to the Sterling Agency would be sufficient to satisfy the requirements of the policy. *Heimbecher v. Johnson* (1951), 258 Wis. 200, 45 N. W. (2d) 610.

Rebholz's affidavit is based on facts within his personal knowledge and not on information and belief. The affidavit recites that he personally made the phone call to the Sterling Agency. While it is true that the affidavit does not disclose or identify Mr. Shapiro as to his position with the Sterling Agency, the affidavit, is nevertheless, sufficient to raise an issue of fact with respect to notice. Whether Great Lakes has been prejudiced by insufficient notice cannot be determined until the issue of notice is concluded.

It is also alleged by Great Lakes that Hervey has breached Condition 6 of the policy by failing to co-operate with Great Lakes. This is a conclusion. The facts in support thereof show only that Great Lakes has made some unsuccessful attempts to locate Hervey, which does not exclude the possibility that upon future efforts by Great Lakes insured Hervey may be located.

Great Lakes must show that Hervey's breach of the policy, if any, was a material one as required by *Kurz v. Collins* (1959), 6 Wis. (2d) 538, 95 N. W. (2d) 365. The mere possibility that Great Lakes may be prejudiced in the future by a breach of its policy does not permit an adjudication now that such breach will be material where the rights of a third party have intervened. Because Great Lakes has not made a showing of actual prejudice, its motion for summary judgment was properly denied. *Stippich v. Morrison* (1961), 12 Wis. (2d) 331, 107 N. W. (2d) 125.

*By the Court.*—Order affirmed.

WILKIE, J., took no part.