FOOTE and another, Plaintiffs and Respondents, v. DOUGLAS COUNTY, Defendant: WESTERN CASUALTY & SURETY COMPANY, Defendant and Appellant.

*January 4—February 1, 1966.*

604

For the appellant there was a brief by *Morrow & Garvey* of Eau Claire, and oral argument by *Frank L. Morrow*.

For the respondents there was a brief by *Borg, McGill & Moodie* of Superior, and oral argument by *Douglas S. Moodie*.

GORDON, J.  Two issues were decided adversely to the appellant by the jury. Upon this appeal, the insurer seeks to upset one or both of such answers.

*Permission to Drive.*

In its answer to the first question of the verdict, the jury found that there was implied permission for Carol Foote to operate the Rydberg car. The insurer urges that this answer cannot stand in view of the signed statements given to the representative of the insurer by Mrs. Rydberg and by Marla Rydberg.

In each statement there is a declaration that Mrs. Rydberg had given her daughter specific instructions not to permit anyone else to drive the car. Both the mother and the daughter subsequently disavowed their signed statements. They testified at the trial that the original statements were erroneous and explained the reason therefor.

The position of Mrs. Rydberg and her daughter is that the original statements were erroneously prepared because of the circumstances under which they were taken. Under oath they categorically denied that there was in fact a prohibition on Marla's letting other persons drive. Indeed, Mrs. Rydberg testified that she had observed others driving the car "a dozen or more times."

The Rydbergs also explained that the car was registered in the mother's name but that the real owner was Marla and that it was purchased for Marla's use. There is applicable the language of the court in *Krebsbach v. Miller* (1963), 22 Wis. (2d) 171, 177, 125 N. W. (2d) 408, 4 A. L. R. (3d) 1:

"Also, where for all practical purposes the first permittee is the real owner of the car but title has been taken in the name of the named insured for reasons of convenience, the general control and custody of the first permittee is such that, when he grants permission to a third person to operate the insured vehicle, such operation is held to be with the implied permission of the named insured."

See also *Schimke v. Mutual Automobile Ins. Co.* (1954), 266 Wis. 517, 64 N. W. (2d) 195.

We believe that this was an issue of fact for the jury and that there is credible evidence to support its finding. *Schneck v. Mutual Service Casualty Ins. Co.* (1964), 23 Wis. (2d) 649, 653, 128 N. W. (2d) 50.

The jury's finding of implied permission in Carol Foote to drive satisfies the policy's provision concerning permissive use under sec. 204.30 (3), Stats. *Foryan v. Firemen's Fund Ins. Co.* (1965), 27 Wis. (2d) 133, 141, 133 N. W. (2d) 724; *Pavelski v. Roginski* (1957), 1 Wis. (2d) 345, 84 N. W. (2d) 84; Note, The Case for a Liberal Initial Permission Rule Under the Omnibus Coverage Statute, 1966 Wisconsin Law Review, 191; Anno. 4 A. L. R. (3d) 10.

### *Failure to Cooperate.*

By its answer to the second question, the jury determined that the Rydbergs did not fail to cooperate with the appellant "in the investigation and handling of this case." The insurer points to the Rydbergs' complete flip-flop on the issue of permission to drive and urges that this constituted noncooperation under *Hunt v. Dollar* (1937), 224 Wis. 48, 55, 271 N. W. 405. However, in *Schneck v. Mutual Service Casualty Ins. Co.* (1963), 18 Wis. (2d) 566, 576, 119 N. W. (2d) 342, this court ruled that for a contradiction on the part of the insured to constitute lack of cooperation the carrier is obliged to show that it was harmed thereby.

In the case at bar, the insurer offered no proof to show how it was harmed by the Rydbergs' change in their stories. We must acknowledge that this was no mere gentle deflection on the part of the Rydbergs; it was a head-over-heels somersault.

The insurer insists that the totality of the reversal of position on the part of Mrs. Rydberg and Marla Rydberg must necessarily have been detrimental to the carrier. The writer of this opinion, when a circuit judge, was impressed with this type of argument in a related type

of case; as reflected in *Stippich v. Morrison* (1961), 12 Wis. (2d) 331, 107 N. W. (2d) 125, that fell considerably short of being a brilliant impression. But cf. *Heimlich v. Kees Appliance Co.* (1950), 256 Wis. 356, 41 N. W. (2d) 359.

The rationale which resulted in a reversal of *Stippich v. Morrison* and which governs the case at bar is to be found in *Kurz v. Collins* (1959), 6 Wis. (2d) 538, 549, 95 N. W. (2d) 365, where it was stated that

". . . where the rights of an injured third party have intervened subsequent to the issuance of the contract of insurance, the insurer should not be freed from liability to such third party, on the ground of non-cooperation of the insured in having made a false statement, unless the insurer has been harmed thereby."

Thus, even though there is a *possibility* of prejudice to the insurer, it will not be sufficient to require a finding of noncooperation as a matter of law when the rights of an injured third party have arisen; actual prejudice must be shown by the insurance company.

Western Casualty learned of the altered stand of its insured approximately four months before the trial. The trial judge determined that this occurred when Mrs. Rydberg was adversely examined by counsel for the insurer in May, 1964. Although the adverse examination was not introduced into evidence, there is adequate support in the record for the trial judge's declaration on this point. Accordingly, it appears that the insurer knew well in advance of the trial the extent of its insured's deviation. Under such circumstances, the trial court was justified in accepting the jury's determination that there was no failure to cooperate. The existence of prejudice to the carrier was not established.

*By the Court.*—Judgment affirmed.