SCHAUF, Plaintiff and Respondent, v. BADGER STATE MUTUAL CASUALTY COMPANY, Defendant and Appellant: WISCONSIN MUTUAL INSURANCE COMPANY and others, Defendants and Respondents.

*October 4—October 31, 1967.*

481

482

484

For the defendant-appellant there was a brief by *Tinkham, Smith, Bliss & Patterson* of Wausau, and oral argument by *John E. Bliss.*

For the plaintiff-respondent there was a brief by *Genrich, Terwilliger, Wakeen, Piehler & Conway,* attorneys, and *David R. Williamson* of counsel, all of Wausau, and oral argument by *Herbert L. Terwilliger.*

For the defendants-respondents there was a brief by *Swingen, Stern, Lenahan & Swanson* of Madison, and oral argument by *E. M. Swingen.*

HALLOWS, J. The first ground for the motion for summary judgment is based upon the contention that as a matter of law Thur was not the driver of the automobile. In support of its motion, Badger submitted affidavits of all the occupants of the Kiesow car in which they stated Kiesow and not Thur was the driver at the time of the accident. These affidavits directly contradict earlier statements made by Thur that he was driving the car. The situation presented an issue of fact for the jury to determine which statement of Thur was true. When he lied and when he did not is a matter of credibility for the jury and the issue forecloses the use of summary judgment for its determination. Thus, the trial court did not err in denying the motion on this

ground and the rule is too well settled for further discussion. *Voysey v. Labisky* (1960), 10 Wis. 2d 274, 103 N. W. 2d 9; *Foryan v. Firemen's Fund Ins. Co.* (1965), 27 Wis. 2d 133, 133 N. W. 2d 724.

The real issue is whether there is a policy defense for breach of the cooperation provision on the part of Thur which can be a basis for a motion for summary judgment. The policy issued by Badger to Thur contained the usual condition requiring the insured to cooperate with the company.[1]

In *Kurz v. Collins* (1959), 6 Wis. 2d 538, 95 N. W. 2d 365, dealing with a motion for summary judgment in which a noncooperation defense was urged, we held that when third parties' rights had intervened, a breach of the cooperation clause was not a defense unless the insurer was harmed or prejudiced thereby. Normally, this harm cannot be determined until the trial of the issue on liability in respect to negligence because the materiality of the alleged breach is determined in reference to the issue of liability of the insurer on its policy. If the insured is not found liable because he was not negligent, the insurer is not liable on his policy and the lack of cooperation was not in fact prejudicial or harmful and therefore not material. However, harm may be apparent prior to the determination of the issue of negligence. The court pointed out that false statements relating to

---

[1] "6. **Assistance and Cooperation of the Insured—Parts I, III and IV.** The insured shall cooperate with the company and, upon the company's request, attend hearings and trials and assist in making settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured with respect to which insurance is afforded under this policy in connection with the subject matter of this insurance. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate first aid to others as shall be imperative at the time of accident."

the identity of the driver of a car could be material as a matter of law because of the present certainty of the prejudicial or disastrous effect on the fact-finding process and cited *Quisenberry v. Kartsonis* (Mo. 1956), 297 S. W. 2d 450. But on the facts of the *Kurz Case* the court thought there was only a possibility that the false statements of the insured would be used at the trial for impeachment purposes and such possibility at the time the motion for summary judgment was being decided did not warrant a finding of such harm as ought to foreclose the third party from suing the insurance company.

We pointed out, however (p. 549), ". . . should such prior statements be used for impeachment purposes at the trial of the instant case, there could be no doubt of their materiality and of the consequent breach of the co-operation clause." Thus many cases involving the defense of lack of cooperation are such that the issue cannot be determined until after the determination of the negligence-liability question and while the third party may prevail on this issue, harm may have been proved on the breach of the cooperation issue and thus the insurer would prevail on its policy defense.

The inconsistent statements in *Kurz* did not concern the issue of coverage of the policy but whether the insured owner of the car or another person with his permission was driving. In either event there was coverage by the policy. The liability of the insurer depended upon whether the person who was driving the car was found more negligent than the plaintiff. Consequently, the identity of the driver was incidental to the issue of negligence and the inconsistent statements of the insured could not be used to prove negligence but only collaterally for impeachment purposes. Thus the facts presented the possibility, not the probability, of the use of the inconsistent statements.

In the instant case the statements of identity of the driver go to coverage. There was insurance coverage if

Thur was driving but not if Kiesow was driving. The instant action is based on the prior statements of Thur that he was the driver and Thur's later statements put Badger in a Scylla-Charybdis position of trying a negligence issue involving Thur while its policy defense stated Thur was not the driver. These two defenses together are indefensible. To force Badger to forego either defense in order to strengthen the other is harm and prejudice within the meaning of a material breach of the cooperation clause as a matter of law. Furthermore, Badger has a right to defend on the coverage issue but this cannot be done without using Thur's later statements after the plaintiff has used his prior inconsistent statements. Thus Badger must expose Thur as a prevaricator of a material fact and discredit him on the direct proof of a material issue. We think it is prejudice and harm under the doctrine of *Kurz* to place an insurance company in a position where it cannot raise a defense or where it must discredit its own witness.

We think there is another ground for finding harm on these facts as a matter of law. The prior statements of the insured which he now claims were false were consciously and deliberately made in order to secure benefits from the insurance company on his policy for his wife and the Kiesows. He did not meet the standard of fair, frank and truthful disclosure of information. *Kurz v. Collins, supra,* at 546; *Hoffman v. Labutzke* (1940), 233 Wis. 365, 374, 289 N. W. 652; *Buckner v. General Casualty Co.* (1932), 207 Wis. 303, 309, 241 N. W. 342. This was no minor or unintentional discrepancy which often appears in testimony of a witness but a "willful falsification" (now admitted by Thur if the admission can be believed) which lead to the payment of claims. Prejudice and harm resulting from a breach of the cooperation provision of the policy should not be restricted to harm directly related to the plaintiff in the action in which the defense is raised, although such is the usual case. See

29A Am. Jur., *Insurance*, p. 585, sec. 1473, and *Roberts v. Indemnity Ins. Co. of North America* (1933), 114 W. Va. 252, 171 S. E. 533, wherein the failure of cooperation was found when the insured's first statement falsely showed he was driving the car but later statements were to the contrary and it appeared the original statement was made as groundwork for a collusive suit by one whose negligence actually caused the accident.

On this issue it is immaterial which statement is false because if this case were presented to a jury any verdict would be the result of and bear the stamp of a fact-finding process, the integrity of which has been contaminated by inconsistent statements and incredibility of the insured as a witness. The prejudice and harm to the insurer on these facts are the denial of a fair determination of its liability.

This result is consistent with the cases cited in the briefs which have applied *Kurz*. In *Stippich v. Morrison* (1961), 12 Wis. 2d 331, 107 N. W. 2d 125, a minor driver was covered by the policy and failed to notify the insurance company of the taking of an adverse examination of him. In respect to the defense of lack of cooperation, the court held the materiality of the breach was not proved because if any damaging testimony was given it was not proved that ". . . such damaging testimony likely would not have been given if [the insurer] had been afforded the opportunity to select competent counsel to have represented [the minor] prior to and at the taking of his adverse deposition." In *Schneck v. Mutual Service Casualty Ins. Co.* (1963), 18 Wis. 2d 566, 119 N. W. 2d 342, we found no substantial contradiction in the statements so as to amount to a lack of cooperation. These statements related to permission to drive the car. We also stated that more fundamentally the defendant did not show that it had been harmed by the alleged breach. In *Boschek v. Great Lakes Mut. Ins. Co.* (1963), 19 Wis. 2d 514, 120 N. W. 2d 703, the facts did not amount to

failure of cooperation but merely that the insurer had made some unsuccessful attempts to locate the insured. In *Foote v. Douglas County* (1966), 29 Wis. 2d 602, 139 N. W. 2d 628, a motion for summary judgment was not involved. There the jury found the insured did not fail to cooperate in the investigation and in the handling of the case although there was some inconsistency in the testimony on the issue of permission to drive. On appeal, this court pointed out there was no showing that the insurer was harmed or prejudiced by the inconsistency.

*By the Court.*—Judgment reversed, and the cause remanded with directions to enter a judgment dismissing the complaint and Russell Schauf's cross complaint against Badger.