McDonnell, Plaintiff and Respondent, v. Hestnes, Defendant and Respondent: NATIONAL INDEMNITY COMPANY, Defendant and Appellant.*

*No. 220. Argued June 1, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 845.)

* Motion for rehearing denied, with costs, on September 1, 1970.

554

For the appellant there was a brief by *Schlotthauer, Johnson & Mohs* of Madison, and oral argument by *Conrad H. Johnson.*

For the plaintiff-respondent there was a brief by *Oldenburg & Lent* of Madison, and oral argument by *Richard E. Lent.*

For the defendant-respondent there was a brief and oral argument by *John Kasimatis* of Madison.

HEFFERNAN, J. The insurance company relied upon the clause in its policy which reads:

"8. **Assistance and Cooperation of the Insured:** The insured shall cooperate with the Company, and upon the Company's request shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. . . ."

This is the standard co-operation clause noted in Risjord-Austin, Automobile Liability Cases, *Standard Provisions and Appendix* (1964), p. 28. This court has on numerous

occasions recognized the validity of the standard co-operation clause and has concluded that in proper cases an insurer may be relieved of its contractual obligations. This court, however, has consistently held that, where there is an admitted breach of the insured's duty to co-operate, the insurer will not be relieved of liability to an injured third party unless the insurer has been materially harmed or prejudiced by the insured's wilful and deliberate misrepresentations. *Kurz v. Collins* (1959), 6 Wis. 2d 538, 547, 95 N. W. 2d 365; *Schauf v. Badger State Mut. Casualty Co.* (1967), 36 Wis. 2d 480, 485, 153 N. W. 2d 510. *Kurz* held that the question of breach was generally one of fact, to be determined by the trier of fact, while the materiality of the harm or the prejudice to the insurer was a matter for the court. A recent law review article, Schoone and Berzowski, *Liability Insurance: Effect of False Statements on Duty to Cooperate*, 52 Marquette Law Review (1968), 221, presents an admirable discussion of the problems that have arisen in this court and its holdings on the subject.

During the course of the trial the circuit judge before whom the case was heard emphasized correctly that Wisconsin cases conceive of an automobile liability policy as being more than a mere contract of indemnity and that, when the rights of a third party intervene, it is the policy of the Wisconsin law to avoid the cancellation of coverage because of a technical and nonmaterial and nonprejudicial breach of the duty to co-operate. We believe, however, that the court erred in stating during the course of the trial that, absent a showing that the plaintiff had colluded or conspired with the defendant insured, no breach of co-operation irrespective of materiality would void the contract. *See Schauf v. Badger State Mut. Casualty Co.*, *supra*, where the trial court's denial of the insurer's motion for summary judgment was reversed and which held that the insurance company was entitled to be exonerated from its contractual obligations even though it was per-

fectly clear that the injured third party was in no way a party to the insured's misrepresentations or conspired with him. We believe, however, that this erroneous statement of the law was immaterial in the disposition of this case. Judge BARDWELL did not permit the question of whether there had, in fact, been a breach to go to the jury but concluded that such finding would be irrelevant since, as a matter of law, on the basis of the evidence, the breach was not prejudicial to the insurance company. We agree that, where the trial judge can properly conclude that an alleged breach was in any event immaterial, it would be superfluous to have the question of the fact of breach submitted to the jury.

Counsel for the appellant insurance company points out that, at various times between the accident and the final trial of the negligence action, its insured's story varied from the positive assertion that he was the driver to the positive assertion that he was a passenger and to the intermediate stage of saying he just did not know. Counsel argues that who is driving an automobile is a highly material fact. It correctly points out that contradictory statements are evidence that at least one of them is false. In these circumstances it contends that an insurance company is materially prejudiced, since it cannot properly defend the lawsuit. National Indemnity Company in its brief states:

"The defense that the plaintiff was driving was, in effect, unavailable to the insurer at trial because of the combination of the previous admissions by the insured that he was driving, and the posture Hestnes assumed of knowing nothing at the time of trial."

This statement implies that an insurer is entitled to interpose any defense regardless of whether or not the physical facts admit the defense. We conclude, as did the trial judge, that, from the moment the physical facts were known to the insurer, the claim was undefendable in respect to the defense that Hestnes was not the driver.

Judge BARDWELL reasoned that, even though Hestnes lied at one time or another, the physical facts indicated that his statement that he was the driver was truthful and that his statement that he was not the driver was a sham or at least represented a position that could not be factually supported. In ruling on this matter, Judge BARDWELL pointed out that, at least six months earlier in the traffic case, the evidence produced showed that the parties had been pinned in the front seat of the car and "Hestnes had to be the driver." Judge BARDWELL reviewed not only the testimony of the instant case but the earlier traffic case, over which he had also presided, in which Officer Schrock testified he found the occupants of the car pinned in the front seat with the defendant behind the wheel and both doors jammed. Judge BARDWELL stated:

". . . Hestnes had to be the driver, and under those circumstances I can't see where you were put on notice that Hestnes was the driver, by the very police report, by his original statement, according to your brief, he said he was the driver, and then he changed it. I realize that. I can't see where you can show any prejudice as far as your investigation of this case was concerned. This you are permitted to show but up to this point, where you know from the physical facts of the accident that your own insured had to be the driver, unless you were complete idiots, and then when he gave you the statement that he was the driver, and when he later changed that statement, you should have become suspicious of his change, and you cannot rely on this later falsehood to say this is a lack of cooperation.

". . . Where an insurance company, because of lack of cooperation, can show they have been materially damaged in their investigation and their turning up facts, then I think they can rely on that. When they are put on notice by the very fact of the accident that their insured was undoubtedly driving and later convicted of driving after a full trial, without appeal, I don't think they have been prejudiced . . . ."

The essence of Judge BARDWELL'S rationale was simply that, because of the physical facts observed by Trooper Schrock immediately following the accident demonstrating conclusively that the defendant was driving the accident vehicle, the insurer cannot now claim detrimental reliance upon the defendant's subsequent contrary version of the accident. Because of the overwhelming physical facts, it was unreasonable for the insurer to rely on or to place any credence whatsoever in the defendant's later version that he was not the driver. In *Foote v. Douglas County* (1966), 29 Wis. 2d 602, 139 N. W. 2d 628, this court held that the insurer had failed to demonstrate actual prejudice or harm where it learned four months prior to trial that its insured had repudiated his original statement with respect to permission to drive.

The instant case is unlike *Schauf,* which the company relies on, where the defendant insurance company was substantially at the mercy of its own insured in respect to who was the driver. It is unlike most negligent cases also in that the credibility of the insured was not at issue except as to the crucial question of who was the driver.

An insurance company, like all litigants, must tailor its defenses in light of the facts that are likely to be proved at trial. In the instant case, no reasonable person could have concluded in light of the physical facts that there was any evidence whatsoever to support the assertion that Hestnes was not the driver. Nevertheless, the insurance company seized upon the false statement of its driver to assert that it was deprived of a defense which it never had under any reasonable view. It could not, to the detriment of third parties, rely upon a patent falsehood of its insured. The insurance company could not in the defense of this action assert that it was harmed or prejudiced by a statement that was obviously contrary to the known, and in fact the adjudicated, facts. An insurer cannot under the guise of the co-operation clause avoid

its obligation to pay injured third parties on the grounds that it was prejudiced when it placed its reliance on a completely unsupportable theory of defense.

Taking the facts as they were indisputably found by the jury and which finding could have been predicted from the outset, the insurance company had no defense based upon the question of who was the driver. To avoid its contractual obligations, it seized upon a nonprejudicial breach of co-operation to avoid its responsibilities. This it cannot do. An insurance company cannot rely on a patent lie as a basis for nonco-operation, even though there be contradictory statements in respect thereto, when such lie or contradiction could in no way affect the fact-finding process in respect to the issues that should properly have been before the court.

We conclude that, under the state of facts of this case, the trial court properly found that the insurance company was not prejudiced as a result of the contradictory statements.

National Indemnity Company raises the additional and alternative point that the conduct of the driver was intentional. It properly points out that it insures only against negligence. An offer of proof was made which would have tended to show that the vehicle was traveling at a speed of from 40–45 miles an hour when it left the paved portion of Highway I–90, that it traveled at a speed of up to 100 miles thereafter, and that it pursued an unswerving and undeviating path until it came to rest. The court excluded this offer of proof in evidence and refused to submit a question to the jury inquiring as to the driver's intent.

We have frequently said that the submission of a jury question rests in the sound discretion of the trial judge and "that discretion will not be interfered with so long as the issues of fact in the case are covered by appropriate questions." *Plummer v. Leonhard* (1969), 44 Wis. 2d 686, 695, 172 N. W. 2d 1. We stated in *Sloan v. Chi-*

cago, *Milwaukee & St. Paul Ry. Co.* (1913), 151 Wis. 645, 649, 139 N. W. 529:

". . . in determining whether there is a jury question for solution the trial judge has such superior opportunity for reaching a right conclusion as to the matter of fact involved,—that is as to whether there is room in the evidence for a determination to a reasonable certainty in either of two ways, that his decision is entitled to such weight on appeal as not to be legitimately disturbable without a manifest showing of its being wrong. The mere fact, looking at the printed record alone, that we would incline to a different view, is not sufficient. The weight of superior opportunity below to discover the right of the matter, would still bear down the scales in favor of the decision complained of. All reasonable doubts arising from the record itself, and those arising from appreciably contemplating the peculiarly advantageous position of the trial judge, must be overcome, in such a case as this, in order to successfully challenge the initial decision."

Only on the basis that the offer of proof tended to show that the car had increased its speed and followed a straight course after leaving the highway could the jury have inferred defendant's conduct was intentional. The trial judge rightly concluded that such inference was not one that could be reached on the basis of the expert testimony alone. While such conduct could conceivably be the result of a volitional act on the part of a driver, it would hardly appear reasonable that such quasi-suicidal conduct can be inferred from these physical facts alone. There was evidence that the driver of the automobile was intoxicated. It is also equally inferable that a driver in such condition in a moment of panic might well depress the accelerator. It is apparent that the evidence set forth in the offer of proof would force the jury to speculate on the question of whether the driver intended the deviation or the consequences of his deviation from the traveled roadway. While the inference that the appellant urges

could speculatively be drawn from this evidence, we are satisfied that the trial judge did not abuse his discretion by excluding the offer of proof and by refusing to place the question of intent before the jury.

As stated above, attorneys for Hestnes in their briefs and in oral argument have asked that we adjudge National Indemnity Company for the plaintiff's entire judgment irrespective of the $10,000 policy limit and, in addition, for damages for the amount expended by Hestnes for his attorneys' fees upon the refusal of National Indemnity Company to defend him. These issues were not expressly dealt with by the trial court, and the defendant Hestnes failed to make appropriate post-trial motions in an attempt to bring them before this court on appeal. We do not consider that these issues are raised by the appeal.

*By the Court.*—Judgment affirmed.