VAN BRAKEL, Plaintiff and Respondent, v. MOELLER and others, Defendants and Respondents: ALLSTATE INSURANCE COMPANY and others, Defendants and Appellants.

No. 402. *Submitted under sec. (Rule) 251.54 June 7, 1973.— Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 355.)

For appellant Allstate Insurance Company the cause was submitted on the brief of *Helm, Myers, Gillett & Christensen* of Racine.

For appellants Bruce A. Boardman and General Casualty Company of Wisconsin the cause was submitted on the brief of *Foley & Capwell, S. C.*, of Racine.

For the plaintiff-respondent the cause was submitted on the brief of *Alan Shafrin* of Milwaukee.

PER CURIAM. This case arises out of an automobile accident in which the identity of the driver of one of the vehicles is in dispute. Defendants Alice Moeller and Peter Pelsley told police investigating the accident that Alice Moeller was the driver of the vehicle. Alice Moeller made the same statement to her insurer, Allstate Insurance Company. Pelsley made the statement to General Casualty Company of Wisconsin, the insurer of Pelsley's employer, Bruce Boardman, who was the owner of the vehicle. Both later recanted their statements, explaining that they made the story up because Alice Moeller had an operator's license and Peter Pelsley did

not. Both Allstate and General Casualty have appealed from an order denying their motions for summary judgment on grounds of breach of the cooperation clause in their respective policies, Allstate claiming a prejudicial breach by its insured, Alice Moeller, and General Casualty claiming a prejudicial breach by its alleged insured, Peter Pelsley.

The trial court should have granted Allstate's motion for summary judgment. This portion of the case is identical to and controlled by *Schauf v. Badger State Mut. Casualty Co.* (1967), 36 Wis. 2d 480, 153 N. W. 2d 510. In the *Schauf Case,* as in this case, one of the defendants first represented that he was the driver of the car and then changed his story. If he were the driver, the Badger State Mutual policy would have afforded coverage. If he were not the driver, there would be no coverage. The same is true here with respect to Allstate. In the *Schauf Case* we reversed an order denying a motion by Badger State for summary judgment, and directed that summary judgment be granted, because the statements of its insured put Badger State in the position of trying a negligence issue involving its insured while its policy defense stated that its insured was not the driver. The credibility of its insured was an important element in each defense, and Badger State Mutual was placed in the position of having to take inconsistent positions on that credibility, or to forego one of the defenses. We held it was prejudice and harm as a matter of law to place an insurance company in a position where it either cannot raise a defense or must discredit its own witness.

General Casualty is not in the same position as Allstate. General Casualty's liability depends upon whether the driver of the car was driving with the permission of its named insured, Bruce Boardman. General Casualty has denied that such permission was granted. If the driver was not operating the vehicle with permission,

the driver was not an insured, and had no duty of cooperation. If the driver was driving with permission, and thus was an insured, whether his or her prior inconsistent statements prejudiced General Casualty can only be determined after the case has been tried. The inconsistent statements do not go to the permission issue. General Casualty is not forced to forego one defense to strengthen another, and we cannot say at this stage of the proceedings that General Casualty has suffered prejudice.

That portion of the order denying the motion of Allstate Insurance Company for summary judgment is reversed, and the cause remanded with directions to grant the motion of Allstate Insurance Company for summary judgment. That portion of the order denying the motion of General Casualty Company of Wisconsin for summary judgment is affirmed. Allstate may have costs against the plaintiff. Plaintiff may have costs against General Casualty.