Paul KLINK, Plaintiff-Appellant,†

v.

John E. CAPPELLI, Larry R. Neu, Heritage Mutual
Insurance Company, and State Farm Mutual
Automobile Insurance Company, Defendants-
Respondents.

Court of Appeals

*No. 92–1765. Submitted on briefs July 9, 1993.—Decided
October 7, 1993.*

(Also reported in 508 N.W.2d 435.)

†Petition to review filed.

626

For the plaintiff-appellant the cause was submitted on the brief of *Kelly L. Centofanti* of *Aiken & Scoptur, S.C.* of Milwaukee.

For the defendants-respondents, John E. Cappelli and Heritage Mutual Insurance Company, the cause

was submitted on the brief of *Robert E. Storck* of *Storck, Schnabl & Storck* of Mayville.

For the defendants-respondents, Larry R. Neu and Heritage Mutual Insurance Company, the cause was submitted on the brief of *James W. Mohr, Jr.* of *Mohr, Anderson & McClurg, S.C.* of Hartford.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J. Paul Klink appeals from a judgment awarding him $23,383.08 as a passenger in an automobile accident. Klink argues that the trial court erred in: (1) refusing to submit his lost past earning capacity to the jury,[1] (2) allowing each of the two defendants three peremptory challenges, (3) excluding a police officer's supplementary report from the evidence and (4) imposing a $660 "fine" for plaintiff's counsel's excusable neglect.[2] We conclude Klink is not entitled to a new trial.

The facts are the following: On December 11, 1988, Klink and John Cappelli left a Christmas party at Bob and Cindy's Tap and Trap. Cappelli was driving. His car collided with Larry Neu's. Klink went through the windshield and suffered facial lacerations.

In October 1990, Klink brought this action for damages against Cappelli, Neu and their insurers alleging that Cappelli and Neu had negligently operated their vehicles. In April 1992, the jury found

---

[1] Lost past earning capacity is the difference between the amount an injured plaintiff was capable of earning between the time of the accident and the trial and the amount the plaintiff would have been capable of earning over that same interval had no injury occurred.

[2] Based on the trial court's order of April 10, 1992, the actual fine appears to be $630.

Cappelli causally negligent and Neu negligent but not causally negligent. The jury found Klink was causally negligent.

Klink contends that the trial court should have submitted to the jury a question concerning loss of his past earning capacity. In the alternative, he contends he was entitled to an award based on the minimum wage. We disagree.

■

Framing a verdict rests in the discretion of the trial court. We will not interfere with that discretion so long as the issues of fact in the case are covered by appropriate questions. *McDonnell v. Hestnes*, 47 Wis. 2d 553, 563, 177 N.W.2d 845, 851 (1970).

■

The trial court did not err in refusing to submit the lost past earning capacity question to the jury. The court concluded that an inference of a loss of past earning capacity could not be drawn from the evidence presented. We agree. Klink failed to provide sufficient evidence to make the issue of what he was reasonably capable of earning a question of fact for the jury.

■

Damages for impaired earning capacity are generally arrived at by comparing what the injured party was capable of earning before and after the time of the injury. *Ballard v. Lumbermens Mut. Cas. Co.*, 33 Wis. 2d 601, 609-10, 148 N.W.2d 65, 70 (1967). The comparison requires evidence relating to earning capacity before and after an injury. Without that showing, the jury must speculate or conjecture as to the amount of lost earning capacity. *Schulz v. St. Mary's Hosp.*, 81 Wis. 2d 638, 658, 260 N.W.2d 783, 790 (1978).

Relying on *Johnson v. Misericordia Community Hosp.*, 97 Wis. 2d 521, 294 N.W.2d 501 (Ct. App. 1980), *Carlson v. Drews of Hales Corners, Inc.*, 48 Wis. 2d 408, 417-18, 180 N.W.2d 546, 551 (1970), and *Ballard,* 33 Wis. 2d at 608, 148 N.W.2d at 69-70, Klink distinguishes a wage loss from a lost past earning capacity. He argues that to entitle him to a verdict question on the loss of past earnings he had only to show he had a past earning capacity and that it was reduced. In his view, recovery for a lost past earning capacity does not require evidence of lost wages. We disagree. The law of damages is concerned with money. A plaintiff may recover only the value of a lost earning capacity. In the absence of evidence, such as past wages or expert testimony, regarding the value of that lost capacity, a plaintiff recovers nothing.

■

*Misericordia Community Hospital* is inapposite. That case involved a challenge to the jury's award for past and future loss of earning capacity. The jury determined damages based on a lifetime loss of earning capacity because of permanent paralysis of the plaintiff's right thigh muscles. The plaintiff minor had a sparse work record, but he showed through U.S. Department of Commerce computations that a person of his age and background could potentially earn $6,126 annually. His work life expectancy was forty-one and one-half years, and the jury awarded him $90,000 or 35.4% of what he would have earned according to those figures. The *Misericordia* court affirmed the award. Here, Klink testified that he had worked as a part-time relief truck driver before the accident, but he offered no evidence regarding his wages for that or

any other work. Absent such evidence the jury could not compute his damages for lost earning capacity.

██

The *Carlson* court held that the plaintiff who was unemployed at the time of her injury was entitled to recover loss of earning capacity. *Carlson*, 48 Wis. 2d at 417, 180 N.W.2d at 550-51. The *Carlson* court concluded that "an instruction for damages in a personal injury suit couched in terms of 'loss of wages' is always incorrect" but may not be unfairly prejudicial because "in many cases the wage loss is an accurate gauge of loss of earning capacity." *Id.* at 417, 180 N.W.2d at 551. To require an unemployed person to show lost wages would preclude recovery for the lost opportunity to work. Klink however had been employed. What he earned would have provided a basis for computing his lost wages and therefore his lost earning capacity, but he provided no evidence of his past earnings.

The *Ballard* court rejected the contention that damages for the inability of a part-time employee to work are measured solely in terms of loss of earnings. The court concluded that:

> The proper test is whether the plaintiff's *capacity* to earn has been impaired, although the comparison of the earnings after the accident as compared to the earnings before the accident is some evidence of earning capacity. In determining past and future loss of earning capacity the question is not whether plaintiff would have worked, by choice. He is entitled to compensation for his lost *capacity* to earn, whether he would have chosen to exercise it or not.
>
> Accordingly, there need be no proof of the availability of future employment if there is proof of a lessened capacity.

*Ballard*, 33 Wis. 2d at 608, 148 N.W.2d at 69-70 (citations omitted) (emphasis in original).

The *Ballard* court affirmed a $4,000 award for past and future loss of earnings where the plaintiff had shown $500 in past wage loss. It also concluded that the evidence supported the award, partly because the plaintiff produced wage records showing the wage losses she had suffered due to an inability to work preceding the trial. But Klink failed to introduce any evidence comparing his unimpaired ability to earn before the accident with his ability to earn up to the time of trial.

We reject Klink's contention that he was at least entitled to minimum wage compensation. No evidence shows what he was reasonably capable of earning while recovering. Klink could have presented evidence about the number of hours he was reasonably capable of working as a relief driver while recovering, as well as the wages he was reasonably capable of earning. Failing that, we conclude the minimum wage provides no meaningful guide as to how much a particular individual is reasonably capable of earning. Some persons are incapable of earning even the minimum wage for an extended period.

The trial court gave each of the two defendants three peremptory challenges. Section 805.08(3), Stats., allows the court to provide each defendant up to three peremptory challenges if the parties have "adverse interests" and the court is satisfied that the "due protection of their interests so requires." We may reverse the court's ruling if the record does not support it.

*Maier Construction, Inc. v. Ryan,* 81 Wis. 2d 463, 473, 260 N.W.2d 700, 704 (1978).

■

Klink asserts that Neu and Cappelli lacked adverse interests because they were represented by the same liability insurance company. We disagree. Klink was injured in an accident involving both Neu and Cappelli. They cross-complained against each other for contribution. Klink's unquantified claim for damages could have resulted in a judgment which exceeded the limits of the policies of each defendant. Their interests were adverse.[3]

Klink contends that the trial court should have admitted in evidence a supplementary report prepared by a police officer who investigated the accident. The court ruled that the report was barred under sec. 346.73, Stats., and that it contained inadmissible hearsay. Klink argues that sec. 346.73 does not cover the report because it was not required to be filed and the parts he wanted admitted are admissions by a party opponent and therefore are not hearsay.

■

Section 346.73, Stats., provides in relevant part:

> [W]ritten accident reports required to be filed with the department or with a county or municipal authority shall not be used as evidence in any judicial trial, civil or criminal, arising out of an accident, except that such reports may be used as evidence in any administrative proceeding conducted by the department.

---

[3] We need not address Klink's constitutional claim that he was denied a fair trial. That claim is based on the faulty premise that there was no showing of adversity.

The supplemental report is not a part of the appellate record. We cannot examine it. The only description of it in the record relevant to sec. 346.73 is a statement by Klink's counsel to the court that "it's a supplemental attachment." If it was attached to the accident report, as seems to be the case, it was as much a part of the report as the report itself and therefore is inadmissible under sec. 346.73. For that reason, we need not decide whether the trial court erred when it held that the supplementary report was inadmissible under the hearsay rules.

Klink urges that we employ sec. 805.15(1), Stats., to grant a new trial in the interests of justice. The court of appeals has no power under that statute to grant a new trial. We have that discretion under sec. 752.35, Stats. We decline to apply it. We will not grant a new trial under sec. 752.35 unless we are satisfied that a second trial will produce a different result or the controversy has not been fully tried. *Vollmer v. Luety*, 156 Wis. 2d 1, 19, 456 N.W.2d 797, 805 (1990). We are not satisfied on either count.

Finally, Klink claims that the court should not have assessed his counsel for defendants' costs in preparing and prosecuting a motion to bar the testimony of Klink's attending physician. The court found excusable neglect on the part of Klink's counsel for failure to follow a scheduling order but nevertheless ordered that she pay defendants' counsel the cost of preparing and prosecuting the motion, $630. Klink argues that counsel should not be fined for bringing a motion on which counsel prevailed. Klink relies on sec. 814.07, Stats., which provides in relevant part that "[c]osts may be allowed on a motion, in the discretion of the court or judge, not exceeding $50 . . . ."

However, Klink's counsel was not, as she puts it, "fined." Klink's counsel had failed to comply with a scheduling order. That order required compliance by a certain date and compliance did not occur until over seven months later. The trial court extended the time for compliance, but on terms. Section 805.03, Stats., provides that "[f]or failure of any party . . . to obey any order of court, the court . . . may make such orders in regard to the failure as are just . . . ." Section 801.15(2)(a), Stats., provides that "[w]hen an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms." We conclude that it was within the discretion of the trial court to extend the time for compliance with the scheduling order, on terms that Klink's counsel pay the cost of preparing the motion to bar the use of evidence for failure to comply. It was that motion which brought the matter to the court's attention before the trial and resulted in the extension.

Because we find no reversible error on the part of the trial court, we affirm the judgment.

*By the Court.*—Judgment affirmed.