COURT OF APPEALS
DECISION
DATED AND FILED

August 17, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP180**

Cir. Ct. No. **2017CV690**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

AUGUST J. ZYWICKI,

    PLAINTIFF-RESPONDENT,

CITY OF HARTFORD GROUP BENEFIT PLAN,

    INVOLUNTARY PLAINTIFF-RESPONDENT,

    V.

ARTISAN AND TRUCKERS CASUALTY COMPANY,

    DEFENDANT-THIRD-PARTY, PLAINTIFF-APPELLANT.

        APPEAL from an order of the circuit court for Milwaukee County: CHRISTOPHER R. FOLEY, Judge. *Reversed and cause remanded with directions*.

        Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Artisan and Truckers Casualty Company (Artisan) appeals the trial court order upholding the jury's award of $50,000 to August Zywicki for the loss of his future earning capacity after he was injured in an automobile accident.   Artisan argues that the trial court erred when it denied its motion for directed verdict because there was no credible evidence in the record to support the damages.   We agree, and accordingly, we reverse and remand with instructions to enter the appropriate judgment described below.

## BACKGROUND

¶2     This case arises out of an insurance dispute.   According to Zywicki's complaint against Artisan, on February 27, 2016, Zywicki was riding as a passenger in the backseat of his mother's car, which was being driven by Brian Ball.   The vehicle swerved off the road, struck multiple objects, overturned, and ejected Zywicki, causing him to suffer serious injuries to his shoulder, ribs, and thoracic spine.   Zywicki was covered by an automobile insurance policy from Artisan.   Although Artisan tendered payment on Zywicki's claim, the payment was less than the policy limit.   Zywicki asserted that his damages exceeded the policy limits, and he filed a civil action against Artisan.   Zywicki claimed economic damages from the loss of his future earning capacity because his injuries from the accident precluded him from joining the Marines.

¶3     The case proceeded to trial in August 2019.   Zywicki relied upon a vocational evaluation in support of his loss of future earning capacity, specifically based on his desire to join the Marines.   Zywicki's assessment showed that based on his current education and skills, his scores were consistent with occupations

including material handler, custodian, warehouse worker, assembler, welder, mechanic, machine operator, and truck driver. His eight-year income range was estimated between $20,100 and $31,500 per year, which the evaluator contrasted with service in the Marines, in which his income would range from $19,900 to $74,700 per year over the same time period. Zywicki argued his loss of comparative earnings was between $190,000 and $300,000 over eight years.

¶4    Zywicki testified it was his "dream" and "goal" to join the Marines. He stated that "it was heart-breaking knowing that" he could never be a Marine or follow in his great-grandfather and grandfather's footsteps as Marines. He admitted that he failed to get a passing score on both of his attempts taking the ASVAB,[1] which is "the test you have to take to be able to get into the Marines or any military branch." Zywicki also admitted that in his medical records, he acknowledged having smoked marijuana prior to the accident; however, he did not disclose his use on his application to the military out of concern it would disqualify him. Additionally, Zywicki acknowledged that his childhood medical records showed a concern about migraine headaches; however, he testified that he did not have migraines, and he was not taking medications to treat them—something disputed in his medical records. He also acknowledged that he was afraid that a history of migraines would bar him from joining the Marines.

¶5    The jury found in favor of Zywicki. It determined fair and reasonable compensation for his past pain, suffering, and disability; his future pain, suffering, and disability; and his loss of future earning capacity, for which the jury awarded $50,000. Artisan and Zywicki each filed motions after the

---

[1] The Armed Services Vocational Aptitude Battery test.

verdict in September 2019. Zywicki moved the trial court to increase the verdict amounts for past and future pain and suffering.[2] Artisan moved the court for a directed verdict dismissing Zywicki's claim for loss of future earning capacity or for the court to change the jury's answer on the loss of future earning capacity from $50,000 to $0. The trial court denied the motions in full in October 2019.

¶6 Artisan appeals. Additional relevant facts are included below.

## DISCUSSION

¶7 Artisan argues that the jury's award of $50,000 for loss of future earning capacity was not based on any credible evidence. Artisan asserts that the trial court erred when it denied its motion for directed verdict dismissing Zywicki's claim for the loss of future earning capacity because the trial record did not support such an award. Additionally, Artisan argues that the trial court erred when: (1) it denied Artisan's motion to change the jury's answer for the amount of damages for loss of future earning capacity on the special verdict; (2) it overruled Artisan's objection to testimony that Zywicki suffered a loss of earning capacity due to his inability to join the Marines; and (3) it instructed the jury on the claim of loss of future earning capacity. Because we conclude that reversal is warranted on the order denying the directed verdict, we decline to address Artisan's additional arguments. "An appellate court need not address every issue raised by the parties when one issue is dispositive." *Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508.

---

[2] Zywicki does not appeal the denial of his motion to increase the awards for past and future pain, suffering, and disability.

¶8     "A motion for a directed verdict challenges the sufficiency of the evidence." *Legue v. City of Racine*, 2014 WI 92, ¶137, 357 Wis. 2d 250, 849 N.W.2d 837; *see also* WIS. STAT. § 805.14(4), (5)(d) (2019-20).[3]  The trial court may not grant a motion challenging sufficiency of the evidence "unless the court is satisfied that, considering all credible evidence and reasonable inferences therefrom in the light most favorable to the party against whom the motion is made, there is no credible evidence to sustain a finding in favor of such party." § 805.14(1).

¶9     On appeal, we search the record for facts to uphold the jury's verdict. *Marquez v. Mercedes-Benz USA, LLC*, 2012 WI 57, ¶48, 341 Wis. 2d 119, 815 N.W.2d 314.  We will only set aside the jury's verdict "when there is no evidence in its support, or, if there be some slight evidence in its support, still the great weight of the evidence to the contrary is so strongly reinforced by all reasonable probabilities and inferences as to be overwhelming." *Slam v. Lake Superior Terminal & Transfer Ry. Co.*, 152 Wis. 426, 432, 140 N.W. 30 (1913). We will affirm the trial court "unless the record reveals that the [trial] court was 'clearly wrong.'" *Legue*, 357 Wis. 2d 250, ¶138 (citation omitted).

¶10     Our examination of the record shows that the trial court was "clearly wrong" when it denied Artisan's motion for directed verdict because there is no credible evidence in the record to support the jury's award of $50,000 for loss of future earning capacity.  The jury may not "speculate" when it determines a damages award for loss of future earning capacity.  *See Ianni v. Grain Dealers*

---

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

*Mut. Ins. Co.*, 42 Wis. 2d 354, 364, 166 N.W.2d 148 (1969) (citing Ghiardi, James D., PERSONAL INJURY DAMAGES IN WISCONSIN (1964)).  The injured party bears the burden "to establish to a reasonable certainty the damages sustained[.]" *Id.*

¶11    The record reflects Zywicki's claim for economic damages for loss of future earning capacity was based solely on his inability to join the Marines after he was injured in the accident.[4]  Artisan argues that Zywicki was not eligible to join the Marines at the time of the accident—he had a history of migraine headaches, he had a history of using marijuana, and he had not passed the ASVAB after two attempts.  In his post-trial briefing, Zywicki concedes that the jury award of $50,000 for his loss of future earning capacity could not have been based on his lost opportunity to become a Marine because the award amount had no connection to the expert testimony on his potential income as a Marine.[5]

¶12    "Damages for impaired earning capacity are generally arrived at by comparing what the injured party was capable of earning before and after the time of the injury."  *Klink v. Cappelli*, 179 Wis. 2d 624, 630, 508 N.W.2d 435 (Ct. App. 1993).  Without a showing of evidence "relating to earning capacity before

---

[4] Zywicki testified that that he realized that he was making an economic claim associated with his inability to become a Marine.  Further, he testified about the psychological effect of losing his lifelong dream.

[5] In post-trial briefs on the motions after the verdict, Zywicki acknowledged that Artisan "is right, the $50,000.00 award does not comport in any way with the numbers sought had he been able to become a Marine."  Zywicki argued that without the intervening accident, he could have become eligible to join the Marines by applying for a waiver on his headaches and self-admitted (and uncharged) drug use and by retaking the test; therefore, it was proper for the trial court to instruct the jury on his loss of future earning capacity for his loss of military service.  As our decision rests on the directed verdict issue, we do not address the jury instructions, and we accept Zywicki's concession that the award was not based on his loss of military service.

and after an injury," the jury could only impermissibly speculate "as to the amount of lost earning capacity." *Id.*

¶13    Although Zywicki offered the vocational evaluation to compare his loss of earning between the general labor positions he is qualified to perform and his service in the Marine Corps, Artisan asserts it shows that Zywicki did not suffer a diminution as a result of the accident. Artisan contends that the vocational evaluation did not quantify any loss of future earning capacity other than the loss of military service. Zywicki proffered no evidence that his injury will preclude him from any area of employment that he is otherwise capable of entering, given his level of intelligence and educational background. Artisan asserts there is no difference in Zywicki's earning capacity before and after the accident; therefore, there is no credible evidence to support the jury's finding.

¶14    Zywicki argues that he offered evidence to support his explicit theory of loss of future earning capacity as a Marine, as well as an implicit theory that his injuries would cause loss of future earning capacity in the general labor market. Zywicki asserted that the jury may have awarded him damages of $1,000 a year for his fifty years of remaining time in the work force, based on evidence that he would have pain in his back, which might limit his ability do heavy lifting and stretching.

¶15    Zywicki further argues that evidence of his loss of earning capacity in the general labor market included his permanent spinal deformity, which causes pain and interferes with his ability to perform certain tasks. In general, evidence of permanent injury alone "is not sufficient to establish a loss of earning

capacity."[6] *See Ianni*, 42 Wis. 2d at 363. Zywicki had the burden to establish evidence that would allow "the jury to estimate with reasonable probability" what amount of money would fairly compensate him for his loss of future earning capacity. *Schulz v. St. Mary's Hosp.*, 81 Wis. 2d 638, 657, 260 N.W.2d 783 (1978). Zywicki argues that *Ianni* and *Schulz* are not applicable because in those cases, the plaintiffs failed to provide sufficient evidence to compare the injured worker's earning capacity before and after the accident; however, here, Zywicki's only quantifying evidence relies upon a comparison with earning capacity in the Marines. Therefore, we conclude that Zywicki has failed to satisfy his burden. There were no evidentiary facts that would allow the jury to estimate Zywicki's loss with reasonable probability; therefore, this award was mere speculation and conjecture. Moreover, our examination of the record shows that there is no credible evidence to support the jury's award for loss of future earning capacity in the general labor market.

## CONCLUSION

¶16     Because we conclude that the record reflects no credible evidence to support the jury's award for loss of future earning capacity, the trial court erred when it denied Artisan's motion for directed verdict on this issue. Therefore, we reverse the trial court's judgment against Artisan in the amount of $88,428.85, which includes the award for $50,000 for loss of future earning capacity, and

---

[6] "[E]vidence of a permanent injury may be sufficient in itself for the inference of a loss of earning capacity where the nature of the injury by common knowledge disables the plaintiff from performing the only type of work he or she is fitted to do…." *Ianni v. Grain Dealers Mut. Ins. Co.*, 42 Wis. 2d 354, 363, 166 N.W.2d 148 (1969).

remand to the trial court with directions to order judgment against Artisan in the amount of $38,428.85.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.